**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 30, 2013

Lyle W. Cayce
Clerk

No. 12-51046
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CESAR ANTONIO CARDONA-GARCIA, also known as Cesar Garcia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-150-1

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cesar Antonio Cardona-Garcia appeals his guilty plea conviction of aiding and abetting the unlawful exportation of firearms and possession of a firearm by a person unlawfully present in the United States. He argues that the Government breached the plea agreement by failing to inform the district court at sentencing of the extent of his cooperation. He also argues that he was not unlawfully present in the United States because, at the time of the offense, he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was free on an immigration bond pending the resolution of his asylum application.

When a defendant does not raise the issue of breach in the district court, as in this case, review is limited to plain error. *Puckett v. United States*, 556 U.S. 129, 134-43 (2009). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* at 135. If the appellant makes such a showing, this court has the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citations omitted). The appellant has the burden of demonstrating the underlying facts that establish the breach by a preponderance of the evidence. *United States v. Roberts,* 624 F.3d 241, 246 (5th Cir. 2010).

The language contained in the plea agreement makes it clear that any obligation the Government had to inform the district court of the extent of Cardona-Garcia's cooperation was not triggered unless or until the Government filed a U.S.S.G. § 5K1.1 recommendation. In this case, the Government elected not to file such a recommendation. Thus, the Government was under no obligation to inform the district court about the extent of Cardona-Garcia's cooperation. In light of the foregoing, Cardona-Garcia has not established that the Government breached the plea agreement. *See id.*

As Cardona-Garcia correctly concedes, his argument regarding the lawfulness of his presence in the United States is foreclosed by *United States v. Elrawy*, 448 F.3d 309 (5th Cir. 2006), and *United States v. Lucio*, 428 F.3d 519 (5th Cir. 2005). He raises the issue, however, to preserve it for possible further review.

AFFIRMED.